IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEYBANK NATIONAL ASSOCIATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION NO. 1:08-CV-0753-JOF |
| FAIRPOINT, LLC, | : : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the court on Defendant's motion to stay [45]; Plaintiff's motion for entry of final judgment [47]; Plaintiff's motion for bond pending appeal [49]; and Defendant's motion for leave to file response to motions for bond and final judgment [52].

Plaintiff, KeyBank National Association, filed suit against Defendant, Fairpoint LLC, on March 4, 2008, alleging breach of contract on two subordination agreements signed between the parties. In an order dated June 23, 2008, the court found that KeyBank's motion for summary judgment should be granted as to its breach of contract claims on (1) Fairpoint's failure to execute a partial reconveyance and (2) Fairpoint's initiation of a state court suit against its guarantors without notice to KeyBank. The court further granted KeyBank's request for an injunction compelling Fairpoint to execute the partial

reconveyance of title to Unit 312 – and any other subsequent units – in compliance with §§ 3.1 and 3.2 of the Subordination Agreement. The court, however, did not grant an injunction to bar Fairpoint's state court proceedings, but found that KeyBank may continue with its claim of monetary damages against Fairpoint for breach of the Subordination Agreement in failing to provide notice to KeyBank of the state court proceedings. Finally, the court found that none of Fairpoint's counterclaims had merit.

The court directed Fairpoint to execute the partial reconveyance of title to Unit 312 in compliance with §§ 3.1 and 3.2 of the Subordination Agreement within ten (10) days from the date of the order. The court further directed Fairpoint to comply with §§ 3.1 and 3.2 with respect to all other units in the Woodstock Downtown development. The court directed the parties within thirty (30) days to file a pretrial order or a motion for summary judgment on the issue of damages with respect to Fairpoint's breach of the Subordination Agreement.

On July 14, 2008, Fairpoint submitted to KeyBank a quitclaim deed for Unit 312 as directed in the court's order. Although not clear from the record, Fairpoint indicates that KeyBank took steps in early August 2008 in preparation of foreclosure, although it has not followed through at this time.

Rather than filing a pretrial order or motion for summary judgment on damages, KeyBank asks the court to enter final judgment pursuant to Federal Rule of Civil Procedure 54 awarding nominal damages only on the breach of contract because actual damages would

be difficult to prove. Fairpoint asks that the court stay the injunctive relief ordered in its June 23, 2008 order.

**Defendant's Motion to Stay**

Fairpoint files the instant motion to stay asking the court to stay its injunctive ruling under Federal Rule of Civil Procedure 62(a). KeyBank opposes this request arguing that Fairpoint has not given the court any reason to depart from the status quo under Rule 62(a), which is no stay of the district court's order. KeyBank argues that Fairpoint has not demonstrated that it is likely to succeed on the merits on appeal, that it would suffer irreparable harm, or that the stay would serve the public interest.

Generally, orders on an action for injunctive relief are not stayed after entry, even if an appeal is taken. *See* Fed. R. Civ. P. 62(a). To obtain a stay of injunctive relief, the appealing party must show (1) the likelihood of prevailing on the merits on appeal, (2) the likelihood that he will suffer irreparable harm from the denial of the stay, (3) that the other parties will not be harmed by a stay, and (4) that granting the stay will serve the public interest. *See Venus Lines Agency v. CVG Industria Venezolana de Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000); *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). "Ordinarily the first factor is the most important." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

3

For the same reasons as given in the court's June 23, 2008 order, the court finds that Fairpoint does not have a likelihood of prevailing on the merits on appeal. The language of the Subordination Agreements is quite clear and the court does not find Fairpoint's interpretation to be reasonable. Fairpoint's arguments that KeyBank has "unclean hands" or the court should have allowed discovery in the case go to the merits of which the court already ruled in its order and do not offer any basis upon which to issue a stay.

Because Fairpoint cannot demonstrate a likelihood of prevailing on the merits, the court DENIES Defendant's motion to stay [45]. Because the court did not grant Fairpoint's motion to stay, the court DENIES AS MOOT KeyBank's motion in the alternative to impose bond pending appeal [47].

**Plaintiff's Motion to Enter Final Judgment Pursuant to Rule 54**[1]

KeyBank asks the court to enter final judgment in KeyBank's favor making permanent the injunctions entered in the June 23, 2008 order; declare that the Subordination Agreements are still in effect and have not terminated; declare that KeyBank's loans are senior to Fairpoint's loans; and award KeyBank nominal damages on its breach of contract claim. KeyBank further seeks authorization from the court for leave to file a motion for attorney's fees in accordance with Rule 54(d)(2)(A) and LR 54.2, N.D. Ga.

---

[1]The court GRANTS Defendant's motion for leave to file response to motions for bond and final judgment [52].

4

In its complaint, KeyBank sought in Count I a decree of specific performance and other injunctive relief with regard to Unit 312 and the other properties. *See* Cmplt., ¶¶ 36-42. In Count II, KeyBank requested a permanent injunction against Fairpoint's state court lawsuit. *Id.*, ¶¶ 43-48. In Count III, KeyBank sought a declaratory judgment that the Subordination Agreements are valid and effective. *Id.*, ¶¶ 49-52. Count IV contained KeyBank's request for attorney's fees pursuant to O.C.G.A. § 13-6-11. In its prayer for relief, KeyBank requests that the court *inter alia* "(iv) enter a judgment in favor of KeyBank and against Fairpoint requiring Fairpoint to pay KeyBank's expenses of litigation in an amount to be determined utilizing the procedure set forth in LR 54.2, N.D. Ga. and (iv) [sic] grant KeyBank such other and further relief as the Court deems just and appropriate." *Id.* at page 20.

In its motion for final judgment, KeyBank seeks nominal damages as to Fairpoint's breach of contract. "Nominal damages come into play when an injured party establishes a breach of contract, but is unable to prove actual damages." *See*, *e.g.*, *King v. Brock*, 282 Ga. 56, 57 (2007). The court continued: "Case law makes clear nominal damages are awarded: (1) where no actual damage flows from the injury; or (2) where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent." *Id.* (quoting *MTW Investment Co. v. Alcovy Properties*, 273 Ga. App. 830, 832 (2005) (quotations and citations

5

omitted)). "This follows the traditional view that, since plaintiff has established a cause of action, plaintiff is also entitled to the costs of the action." *Id.* at 57-58.

Under Georgia law, it is clear that "[i]n every breach of contract the injured party has a right to damages, and if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action." *Botterbusch v. Preussag International Steel Corp.*, 271 Ga. App. 190, 195 (2004); *see also* O.C.G.A. § 13-6-6. What is not clear in this case – or the law – is the manner in which a party must plead nominal damages.[2] KeyBank points to *Liberty National Ins. Holding Co. v. The Charter Co.*, 734 F.3d 545 (11th Cir. 1984), where the court briefly mentioned that the plaintiff could seek money damages under its prayer for "such other and further relief as this Court may deem just and proper." *Id.* at 560 n.31. *See also Yniguez v. State*, 975 F.2d 646, 647 n.1 (9th Cir. 1992) ("Although the plaintiff's complaint does not expressly request nominal damages, it did request 'all other relief that the Court deems just and proper under the circumstances.' That is sufficient to permit the plaintiff to pursue nominal damages.") (quoting *Liberty National*).

---

[2]Under Georgia's procedural rules, which would not apply in federal court, "[i]t is not necessary to pray specifically for general or nominal damages in order to present a question for the jury as to nominal damages." *Brock v. King*, 279 Ga. App. 335, 342 n.22 (2006) (quoting *Bradley v. Godwin*, 152 Ga. App. 782, 788 (1979) (physical precedent only)).

6

The court, however, finds that the statement in *Liberty National* is far from clear authority in the law. The Eleventh Circuit more directly addressed the issue in *Oliver v. Falla*, 258 F.3d 1277 (11th Cir. 2001), where the plaintiff raised Eighth Amendment claims. Finding that the plaintiff failed to request a jury charge on nominal damages, the court found that the plaintiff had waived his right to that type of damage. *Id.* at 1281. Subsequently, the Eleventh Circuit has limited *Oliver* to cases that actually go to trial. In *Virdi v. DeKalb County School District*, 216 Fed. Appx. 867 (11th Cir. 2007), the court held that where the case ended at summary judgment, the plaintiff never had an opportunity to request jury instructions on nominal damages. *Id.* at 873. The difference between *Virdi* and the instant case, however, is that the plaintiff in *Virdi* made a plea for damages in his complaint. KeyBank here made no such plea and relies on the general "all other such relief" language in its complaint. *See also Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 240 n.10 (1st Cir. 2006) (where complaint sought "such further relief as deemed appropriate," court found there "is nothing in this vague prayer for relief, however, that would compel the district court to award nominal damages or that would even give notice to the court that such damages were being sought."); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (declining to construe complaint as seeking nominal damages); *Fox v. Board of Trustees of State University of New York*, 42 F.3d 135 (2d Cir. 1994) (declining to read damages claim into Complaint's boilerplate prayer for 'such other relief as the Court deems

7

AO 72A
(Rev.8/82)

just and proper'"). Under the circumstances here, where KeyBank sought only injunctive relief on its claim concerning Fairpoint's initiation of the state court lawsuit, the court finds that the general prayer for relief does not encompass a request for nominal damages. Therefore, the court denies KeyBank's request for nominal damages on the breach of contract claim.

KeyBank, however, is clearly the prevailing party in the litigation having won an injunction on Unit 312 and future units sold in the development. It specifically pled a claim for attorney's fees pursuant to O.C.G.A.§ 13-6-11, and thus, the court grants KeyBank's request for leave to seek such fees in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) and this court's Local Rule 54.2, N.D. Ga. The court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for entry of final judgment. Having made the foregoing rulings, the court finds no other matters left in dispute in the case and DIRECTS the Clerk of the Court to issue final judgment pursuant to Rule 54.

**Conclusion**

The court DENIES Defendant's motion to stay [45]; GRANTS IN PART AND DENIES IN PART Plaintiff's motion for entry of final judgment [47]; DENIES AS MOOT Plaintiff's motion for bond pending appeal [49]; and GRANTS Defendant's motion for leave to file response to motions for bond and final judgment [52].

8

The court DIRECTS the Clerk of the Court to issue final judgment pursuant to Rule 54.

**IT IS SO ORDERED** this 14th day of October 2008.

    s/ J. Owen Forrester
    J. OWEN FORRESTER
    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)